STUART F. DELERY
Principal Deputy Assistant Attorney General
MAAME EWUSI-MENSAH FRIMPONG (CSBN 222986)
Deputy Assistant Attorney General
MICHAEL S. BLUME
Director
RICHARD GOLDBERG
Assistant Director
TIMOTHY T. FINLEY
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O Box 386
Washington, DC 20044
Telephone:  202-307-0050
Fax:  202-514-8742
Email: Timothy.T.Finley@usdoj.gov

Attorneys for the Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | **CONSENT DECREE AND ORDER** |
| : | **FOR CIVIL PENALTIES, PERMANENT** |
| **:** | **INJUNCTION AND OTHER RELIEF** |
| PATH, INC., : | |
| : | |
| Defendant. : | |
| : | |

WHEREAS Plaintiff, the United States of America, has commenced this action by filing the

complaint herein; Defendant has waived service of the Summons and Complaint; the parties have

been represented by the attorneys whose names appear hereafter; and the parties have agreed to

settlement of this action upon the following terms and conditions, without adjudication of any issue

**Consent Decree**

of fact or law, and without Defendant admitting any issue of fact or law other than those related to jurisdiction and venue;

THEREFORE, on the joint motion of Plaintiff and Defendant, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.  This Court has jurisdiction of the subject matter and of the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

2.  Venue is proper as to all parties in the Northern District of California under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b)-(c) and 1395(a).

3.  The activities of Defendant are in or affecting commerce as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.  Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

5.  The Complaint states a claim upon which relief may be granted against Defendant under Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a) and under Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6501-6506, 6502(c), and 6505(d); the Commission's Children's Online Privacy Protection Rule ("Rule" or "COPPA Rule"), 16 C.F.R. Part 312.  Among other things, the Complaint alleges that:

    A.  Defendant violated the FTC Act by making deceptive representations through its application's user interface regarding the automatic collection of information from consumers' mobile device address books;

**Consent Decree**                                              Page 2 of  25

B.     Defendant violated the FTC Act by making deceptive representations through its privacy policy regarding the automatic collection of information from consumers' mobile device address books; and

C.     Defendant violated COPPA and the FTC Act by failing to provide notice to parents of its information practices, and to obtain verifiable parental consent prior to collecting, using, and/or disclosing information from children online.

6.     Defendant has entered into this Consent Decree and Order for Civil Penalties, Permanent Injunction, and Other Relief ("Order") freely and without coercion. Defendant further acknowledges that it has read the provisions of this Order and is prepared to abide by them.

7.     Plaintiff and Defendant hereby waive all rights to appeal or otherwise challenge the validity of this Order.

8.     Plaintiff and Defendant stipulate and agree that entry of this Order shall constitute a full, complete, and final settlement of this action.

9.     Defendant has agreed that this Order does not entitle it to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendant further waives any rights to attorneys' fees that may arise under said provision of law.

10.    Entry of this Order is in the public interest.

## DEFINITIONS

11.    "Rule" means the Federal Trade Commission's Children's Online Privacy Protection Rule, 16 C.F.R. Part 312.

12.    For purposes of this Agreement:

A.     "Child" means an individual under the age of 13;

B      "Collects" or "collection" means the gathering of any personal information from a

child by any means, including but not limited to:

(1)   Requesting that children submit personal information online;

(2)   Enabling children to make personal information publicly available through a chat room, message board, or other means, except where the operator deletes all individually identifiable information from postings by children before they are made public, and also deletes such information from the operator's records; or

(3)   The passive tracking or use of any identifying code linked to an individual, such as a cookie;

C.   "Commission" means the Federal Trade Commission;

D.    "Delete" means to remove personal information such that it is not maintained in retrievable form and cannot be retrieved in the normal course of business;

E.   "Disclosure" means, with respect to personal information:

(1)   The release of personal information collected from a child in identifiable form by an operator for any purpose, except where an operator provides such information to a person who provides support for the internal operations of the website or online service and who does not disclose or use that information for any other purpose.  For purposes of this definition:

(a)   Release of personal information means the sharing, selling, renting, or any other means of providing personal information to any third party, and

(b)   Support for the internal operations of the website or online service

**Consent Decree**                                    Page 4 of  25

means those activities necessary to maintain the technical functioning of the website or online service, or to fulfill a request of a child as permitted by 16 C.F.R. Part 312.5(c)(2) and (3); or

    (2)    Making personal information collected from a child by an operator publicly available in identifiable form, by any means, including by a public posting through the Internet, or through a personal home page posted on a website or online service; a pen pal service; an electronic mail service; a message board; or a chat room;

F.    "Internet" means collectively the myriad of computer and telecommunications facilities, including equipment and operating software, which comprise the interconnected world-wide network of networks that employ the Transmission Control Protocol/Internet Protocol, or any predecessor or successor protocols to such protocol, to communicate information of all kinds by wire, radio, or other methods of transmission;

G.    "Online contact information" means an e-mail address or any other substantially similar identifier that permits direct contact with a person online;

H.    "Operator" means any person who operates a website located on the Internet or an online service and who collects or maintains personal information from or about the users of or visitors to such website or online service, or on whose behalf such information is collected or maintained, where such website or online service is operated for commercial purposes, including any person offering products or services for sale through that website or online service, involving commerce:

    (1)    Among the several States or with one or more foreign nations;

**Consent Decree**                         Page 5 of  25

(2)     In any territory of the United States or in the District of Columbia, or

between any such territory and (a) Another such territory, or

(b) Any State or foreign nation; or

(3)     Between the District of Columbia and any State, territory, or foreign

nation.

This definition does not include any nonprofit entity that would otherwise be

exempt from coverage under Section 5 of the Federal Trade Commission Act (15

U.S.C. § 45);

I.     "Parent" includes a legal guardian;

J.     "Person" means any individual, partnership, corporation, trust, estate,

cooperative, association, or other entity;

K.     "Personal information" means individually identifiable information about an

individual collected online, including:

(1)     A first and last name;

(2)     A home or other physical address including street name and name of a city

or town;

(3)     An e-mail address or other online contact information, including but not

limited to, an instant messaging user identifier, or a screen name that

reveals an individual's e-mail address;

(4)     A telephone number;

(5)     A Social Security number;

(6)     A persistent identifier, such as a customer number held in a cookie or a

processor serial number, where such identifier is associated with

**Consent Decree**                              Page 6 of  25

individually identifiable information; or a combination of a last name or

photograph of the individual with other information such that the

combination permits physical or online contacting; or

(7)     Information concerning the child or the parents of that child that the

operator collects online from the child and combines with an identifier

described in this definition;

L.     "Third party" means any person who is not:

(1)     An operator with respect to the collection or maintenance of personal

information on the website or online service; or

(2)     A person who provides support for the internal operations of the website

or online service and who does not use or disclose information protected

under this part for any other purpose;

M.     "Verifiable parental consent" means making any reasonable effort (taking into

consideration available technology) to ensure that before personal information is

collected from a child, a parent of the child:

(1)     Receives notice of the operator's personal information collection, use, and

disclosure practices; and

(2)     Authorizes any collection, use, and/or disclosure of the personal

information; and

N.     "Website or online service directed to children" means a commercial website or

online service, or portion thereof, that is targeted to children.  *Provided, however*,

that a commercial website or online service, or a portion thereof, shall not be

deemed directed to children solely because it refers or links to a commercial

**Consent Decree**                                   Page 7 of  25

website or online service directed to children by using information location tools, including a directory, index, reference, pointer, or hypertext link. In determining whether a commercial website or online service, or a portion thereof, is targeted to children, the Commission will consider its subject matter, visual or audio content, age of models, language or other characteristics of the website or online service, as well as whether advertising promoting or appearing on the website or online service is directed to children. The Commission will also consider competent and reliable empirical evidence regarding audience composition; evidence regarding the intended audience; and whether a site uses animated characters and/or child-oriented activities and incentives.

13. "Covered information" means information from or about an individual consumer including, but not limited to: (a) a first and last name; (b) a home or other physical address, including street name and name of city or town; (c) an email address or other online contact information, such as an instant messaging user identifier or a screen name; (d) a telephone number; (e) a persistent identifier, such as a customer number held in a "cookie," a static Internet Protocol ("IP") address, or processor serial number; (f) nonpublic communications and content posted on Defendant's website or within Defendant's applications; or (g) communications and content stored on a consumer's mobile device.

14. "Clear(ly) and prominent(ly)" shall mean:

    A.    In textual communications (*e.g.*, printed publications or words displayed on the screen of a computer or mobile device), the required disclosures are of a type, size, and location sufficiently noticeable for an ordinary consumer to read and

comprehend them, in print that contrasts highly with the background on which they appear;

B.   In communications disseminated orally or through audible means (*e.g.*, radio or streaming audio), the required disclosures are delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them;

C.   In communications disseminated through video means (*e.g.*, television or streaming video), the required disclosures are in writing in a form consistent with subpart A of this definition and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend them, and in the same language as the predominant language that is used in the communication; and

D.   In all instances, the required disclosures: (1) are presented in an understandable language and syntax, and (2) include nothing contrary to, inconsistent with, or in mitigation of any statement contained within the disclosure or within any document linked to or referenced therein.

15.   Unless otherwise specified, "Defendant" means Path, Inc., a corporation, and its successors and assigns.

## I. INJUNCTION REGARDING COLLECTION OF INFORMATION
## FROM CHILDREN ONLINE

16.   **IT IS ORDERED** that Defendant and all other persons in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with any website or online service directed to children, or on any website or online service through which they, with actual knowledge, collect, use, and/or disclose personal information from children, is

**Consent Decree**                              Page 9 of  25

permanently restrained and enjoined from:

A.    Failing to provide sufficient notice of the information Defendant collects online from children, how it uses such information, its disclosure practices, and all other content, as required by Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b);

B.    Failing to provide direct notice to parents of what information Defendant collects online from children, how it uses such information, its disclosure practices, and all other required content, as required by Section 312.4(c) of the Rule, 16 C.F.R. § 312.4(c);

C.    Failing to obtain verifiable parental consent before any collection, use, and/or disclosure of personal information from children, as required by Section 312.5 of the Rule, 16 C.F.R. § 312.5(a)(1); or

D.    Violating any other provision of the Rule, 16 C.F.R. Part 312, and as the Rule may hereafter be amended.  A copy of the Rule is attached hereto as "Appendix A" and incorporated herein as if fully set forth verbatim.

## II. DELETION OF CHILDREN'S PERSONAL INFORMATION

17.   **IT IS FURTHER ORDERED** that Defendant, and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

A.    Disclosing, using, or benefitting from Personal information collected from Children which Defendant obtained prior to entry of this Order; and

B.    Failing to destroy such Personal information in all forms in its possession, custody, or control within ten (10) days after entry of this Order.

*Provided, however*, that Personal information need not be destroyed, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

### III. CIVIL PENALTY

18.  **IT IS FURTHER ORDERED** that Defendant shall pay to Plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of eight hundred thousand dollars ($800,000), due and payable within five (5) days of receipt of notice of the entry of this Order.  Unless otherwise directed, payment shall be made by electronic fund transfer in accordance with procedures specified by the Consumer Protection Branch, Civil Division, U.S. Department of Justice, Washington, DC 20530.

19.  Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendant shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise.

20.  Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Commission to enforce its rights to any payment or money judgment pursuant to this Order.

21.  In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid penalty, together with interest, as computed pursuant to 28 U.S.C. § 1961 (accrued from the date of default to the date of payment) shall immediately become due and payable.

**Consent Decree**                              Page 11 of  25

**IV. INJUNCTION REGARDING PRIVACY OF CONSUMER INFORMATION**

22.    **IT IS FURTHER ORDERED** that Defendant acting directly or through any corporation, subsidiary, limited liability company, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service, in or affecting commerce, is permanently restrained and enjoined from misrepresenting in any manner, expressly or by implication, the extent to which it maintains and protects the privacy and confidentiality of covered information.

23.    **IT IS FURTHER ORDERED** that Defendant, acting directly or through any corporation, subsidiary, limited liability company, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service, in or affecting commerce, prior to any access or collection of information in the user's mobile device contacts or address book, shall:

   A.    Clearly and prominently disclose to the user, separate and apart from any "privacy policy," "terms of use," "blog," "statement of values" page, or other similar document, the categories of information from the user's mobile device that will be accessed and/or collected; and

   B.    Obtain the user's affirmative express consent to access or collect such information.

24.    **IT IS FURTHER ORDERED** that Defendant, acting directly or through any corporation, subsidiary, limited liability company, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service, in or affecting commerce, shall, no later than the date of service of this order, establish and implement, and thereafter maintain, a comprehensive privacy

**Consent Decree**                        Page 12 of  25

program that is reasonably designed to: (1) address privacy risks related to the development and management of new and existing products and services for consumers; and (2) protect the privacy and confidentiality of covered information.  Such program, the content and implementation of which must be documented in writing, shall contain privacy controls and procedures appropriate to respondent's size and complexity, the nature and scope of respondent's activities, and the sensitivity of the covered information, including:

A.      The designation of an employee or employees to coordinate and be responsible for the privacy program;

B.      The identification of reasonably foreseeable, material risks, both internal and external, that could result in the respondent's unauthorized collection, use, or disclosure of covered information, and an assessment of the sufficiency of any safeguards in place to control these risks.  At a minimum, this privacy risk assessment should include consideration of risks in each area of relevant operation, including, but not limited to: (1) employee training and management, including training on the requirements of this order; and (2) product design, development, and research;

C.      The design and implementation of reasonable privacy controls and procedures to address the risks identified through the privacy risk assessment, and regular testing or monitoring of the effectiveness of those privacy controls and procedures;

D.      The development and use of reasonable steps to select and retain service providers capable of appropriately protecting the privacy of covered information

**Consent Decree**                          Page 13 of  25

they receive from respondent, and requiring service providers by contract to

implement and maintain appropriate privacy protections;

E.    The evaluation and adjustment of respondent's privacy program in

light of the results of the testing and monitoring required by subpart C, any

material changes to respondent's operations or business arrangements, or any

other circumstances that respondent knows or has reason to know may have a

material impact on the effectiveness of its privacy program.

25.    **IT IS FURTHER ORDERED** that, in connection with its compliance with Paragraph 24

of this order, Defendant shall obtain initial and biennial assessments and reports

("Assessments") from a qualified, objective, independent third-party professional, who

uses procedures and standards generally accepted in the profession.  The reporting period

for the Assessments shall cover: (1) the first year after service of the Order for the initial

Assessment; and (2) each two (2) year period thereafter for twenty (20) years after

service of the Order for the biennial Assessments.

A.    Each Assessment shall:

1.    Set forth the specific privacy controls that Defendant has implemented and

maintained during the reporting period;

2.    Explain how such privacy controls are appropriate to Defendant's size and

complexity, the nature and scope of Defendant's activities, and the

sensitivity of the covered information collected from or about consumers;

3.    Explain how the privacy controls that have been implemented meet or

exceed the protections required by Paragraph 24 of this Order; and

4.    Certify that Defendant's privacy program is operating with sufficient

**Consent Decree**                                    Page 14 of  25

effectiveness to provide reasonable assurance to protect the privacy of covered information and that the program has so operated throughout the reporting period.

B.     Each Assessment shall be prepared and completed within sixty (60) days after the end of the reporting period to which the Assessment applies by a person that has a minimum of three (3) years of experience in the field of privacy and data protection.  All persons conducting such Assessments and preparing such reports shall be approved by the Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Ave. NW, Washington, D.C. 20580, in his or her sole discretion.

C.     Defendant shall provide the initial Assessment by overnight courier (not the U.S. Postal Service) to the Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Ave. NW, Washington, D.C. 20580, or by email to Debrief@ftc.gov, within ten (10) days after the Assessment has been prepared.  All subsequent biennial Assessments shall be retained by Defendant until the order is terminated and provided to the Associate Director for Enforcement within ten (10) days of request.

**V. ORDER ACKNOWLEDGMENTS**

26.     **IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

A.     Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, Defendant must deliver a copy of this

Order  to:  (1) all principals, officers, directors, and managers; (2) all employees,

agents, and representatives having supervisory responsibilities relating to the

collection, retention, storage, or security of covered information and all

employees, agents, and representatives having supervisory responsibilities related

to the operation of any website or online service subject to this Order; and (3) any

business entity resulting from any change in structure as set forth in the Section

titled "Compliance Reporting."  Delivery must occur within seven (7) days of

entry of this Order for current personnel.  To all others, delivery must occur

before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this

Order, that Defendant must obtain, within thirty (30) days, a signed and dated

acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

27.     **IT IS FURTHER ORDERED** that Defendant make timely submissions to the

Commission:

A.      One hundred eighty (180) days after the date of entry of this Order, Defendant

must submit a compliance report, sworn under penalty of perjury.  This report

must:

1.      Designate at least one telephone number and an email, physical, and

postal address as points of contact, which representatives of the

Commission may use to communicate with Defendant;

2.      Identify all of Defendant's businesses by all of their names, telephone

**Consent Decree**                            Page 16 of  25

numbers, and physical, postal, email, and Internet addresses;

3.      Describe the activities of each business, including the products and services offered and the means of advertising, marketing, and sales;

4.      Describe in detail whether and how Defendant is in compliance with each Section of this Order;

5.      Provide a statement setting forth in detail the criteria and process through which Defendant's websites or online services register visitors online for any activity requiring the submission of covered information, and a copy of each different version of screen or page providing or collecting registration information;

6.      Provide a copy of each different version of any privacy notice posted on each website or online service operated by Defendant;

7.      Provide a statement setting forth in detail each place where the privacy notice on any such website or online service is located and a copy of each different version of screen or page on which such website or online service collects covered information;

8.      Provide a copy of each different version of any privacy notice sent to parents of children that register on each website or online service;

9.      Provide a statement setting forth in detail when and how each such notice to parents is provided;

10.     Provide a statement setting forth in detail the methods used to obtain verifiable parental consent prior to any collection, use, and/or disclosure of personal information from children, as defined by Definition K (Section

**Consent Decree**                              Page 17 of 25

1302(8) of COPPA, 15 U.S.C. § 6501(8));

11.    Provide a statement setting forth in detail the means provided for parents to review the personal information, as defined by Definition K (Section 1302(8) of COPPA, 15 U.S.C. § 6501(8)), collected from their children and to refuse to permit its further use or maintenance;

12.    Provide a statement setting forth in detail why each type of information collected from a child is reasonably necessary for the provision of the particular related activity;

13.    Provide a statement setting forth in detail the procedures used to protect the confidentiality, security, and integrity of personal information, as defined by Definition K (Section 1302(8) of COPPA, 15 U.S.C. § 6501(8)), collected from children; and

14.    Provide a copy of each Order Acknowledgement obtained pursuant to this Order, unless previously submitted to the Commission.

B.    For twenty (20) years following entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following: (1) any designated point of contact; or (2) the structure of Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.    Defendant must submit to the Commission notice of the filing of any bankruptcy

**Consent Decree**               Page 18 of 25

petition, insolvency proceeding, or any similar proceeding by or against Defendant within fourteen (14) days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 18 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580. The subject line must begin:  FTC v. Path, Inc.

**VII. RECORDKEEPING**

28.    **IT IS FURTHER ORDERED** that Defendant must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years unless otherwise specified below.  Specifically, Defendant, in connection with covered information, must maintain the following records:

A.      Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers;

job title or position; dates of service; and, if applicable, the reason for

termination;

C.   All records necessary to demonstrate full compliance with each provision of this

Order, including all submissions to the Commission;

D.   A copy of all complaints submitted by consumers to Defendant regarding its

information security practices or its practices relating to the collection or retention

of covered information. *Provided, however,* that Defendant shall not be required

to retain any complaint for longer than three (3) years after it was submitted; and

E.   A sample copy of every materially different form, page, or screen created,

maintained, or otherwise provided by Defendant through which Defendant

collects covered information, and a sample copy of each materially different

document containing any representation regarding Defendant's collection, use,

and disclosure practices pertaining to personal information of a child, as defined

by Definition A (Section 1302(1) of COPPA, 15 U.S.C. § 6501(1)).  Each web

page copy shall be accompanied by the URL of the web page where the material

was posted online.  Electronic copies shall include all text and graphics files,

audio scripts, and other computer files used in presenting information on the

Internet.  *Provided, however,* that Defendant shall not be required to retain any

document for longer than two (2) years after the document was created, or to

retain a print or electronic copy of any amended web page or screen to the extent

that the amendment does not affect Defendant's compliance obligations under

this Order.

**Consent Decree**                          Page 20 of  25

## VIII. COMPLIANCE MONITORING

29.    **IT IS FURTHER ORDERED** that for the purpose of monitoring compliance with this

Order:

A.    Within fourteen (14) days of receipt of a written request from a representative of

the Commission, Defendant must: submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for

depositions; and produce documents, for inspection and copying.  The

Commission is also authorized to obtain discovery, without further leave of

Court, using any of the procedures prescribed by Federal Rules of Civil Procedure

29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission is authorized to communicate

directly with Defendant.  Defendant must permit representatives of the

Commission to interview any employee or other person affiliated with any

Defendant who has agreed to such an interview.  The person interviewed may

have counsel present.

C.    The Commission may use all other lawful means, including posing, through its

representatives, as consumers, suppliers, or other individuals or entities, to

Defendant or any individual or entity affiliated with Defendant, without the

necessity of identification or prior notice.  Nothing in this Order limits the

Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of

the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX. RETENTION OF JURISDICTION

30.   **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for the

purposes of construction, modification, and enforcement of this Order.

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against Defendant,

pursuant to all the terms and conditions recited above.

Dated this __8th_____ day of __February_____, 2013.

_____

UNITED STATES DISTRICT JUDGE

**Consent Decree**                           Page 22 of  25

1
2
       The parties, by their counsel, hereby consent to the terms and conditions of the Order as
set forth above and consent to the entry thereof.
3
4
                             FOR THE UNITED STATES OF AMERICA:
5
6                           STUART F. DELERY
7                           Principal Deputy Assistant Attorney General
                           Civil Division
8                           U.S. Department of Justice
9                           MAAME EWUSI-MENSAH FRIMPONG
10                         Deputy Assistant Attorney General
                           CSBN 222986
11                         Civil Division
12                           MICHAEL S. BLUME
13                         Director
                           Consumer Protection Branch
14
15                         RICHARD GOLDBERG
                         Assistant Director
16                         Consumer Protection Branch
17
18                    _____/s/ signature on file[1]_____
                         TIMOTHY T. FINLEY
19                         Trial Attorney
                         Consumer Protection Branch
20                         U.S. Department of Justice
                         P.O. Box 386
21                         Washington, DC 20044
22                         Telephone:  202-307-0050
                         Fax:  202-514-8742
23                         Email: timothy.t.finley@usdoj.gov
24
25
26
27
28

---

[1] I hereby attest that all of the actual signatures are on file with the United States.

1

2

3       FOR THE FEDERAL TRADE COMMISSION:

                    /s/ signature on file
        JAMIE E. HINE
        Attorney
        Division of Privacy and Identity Protection


                    /s/ signature on file
        NITHAN SANNAPPA
        Attorney
        Division of Privacy and Identity Protection


                    /s/ signature on file
        MAMIE KRESSES
        Attorney
        Division of Advertising Practices


                    /s/ signature on file
        CHRISTOPHER OLSEN
        Assistant Director
        Division of Privacy and Identity Protection


                    /s/ signature on file
        MANEESHA MITHAL
        Associate Director
        Division of Privacy and Identity Protection
        Federal Trade Commission
        600 Pennsylvania Avenue, NW
        Mail Drop NJ-8100
        Washington, D.C. 20580
        202-326-2771 (voice)
        202-326-3768 (fax)

**Consent Decree**

FOR THE DEFENDANT, PATH, INC.:

/s/ signature on file
DAVID MORIN
Chief Executive Officer
Path, Inc.

/s/ signature on file
TYLER NEWBY
FENWICK AND WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
415-875-2495
Attorney for Defendant Path, Inc.